## V. WICKWARE v. ADELIA A. THOMPSON.

**Contract of Married Woman.**

> A contract to pay money to a married woman is as valid as a contract to pay to any other person, and one who has borrowed and received money from her cannot be heard to say that his contract to repay her is not binding upon him because of her coverture.

### APPEAL FROM SIMPSON CIRCUIT COURT.

#### January 28, 1879.

OPINION BY JUDGE COFER:

A contract or agreement to pay money to a married woman is as valid as a contract to pay money to any other person. When it is sought to charge her personally on her contract a very different question is presented. Certainly one who has borrowed and received money from her cannot say that his contract to repay her is not binding upon him because of her coverture.

That the administrator dismissed his cross-action after the cause was submitted in no way prejudiced the rights of the appellant. Nor were his rights prejudiced by the filing of the amended petition; and besides, there was no abuse of discretion in allowing it to be filed.

The note was payable to the appellee, and whatever might have been the rights of the administrator and the creditors of Dr. Thompson, the administrator is asserting no claim, and if the appellant

pays the debt to the appellee, he will have a good acquittance, and that is all he has a right to ask.

The only defense entitled to consideration is the alleged alteration of the note. On that question the evidence was conflicting; and this court treats the finding of the court below in such a case as it would the verdict of a jury properly instructed.

.Wherefore the judgment is *affirmed*.

*J. M. Galloway, for appellant.   F. Lee Wilkinson, for appellee.*